IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:02-CR-0079 (01) |
| | § | |
| ROBERT ALEX BOATRIGHT | § | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant ROBERT ALEX BOATRIGHT has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant's motion to vacate, set aside or correct sentence should be DENIED.

I.
PROCEDURAL HISTORY

On October 22, 2002, defendant was charged by indictment as follows:

On or about September 27, 2002, within the Amarillo Division of the Northern District of Texas, the defendant, ROBERT ALEX BOATRIGHT, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 841(a)(1) (21 U.S.C. § 841(b)(1)(B)).

On December 9, 2002, defendant was convicted, upon his plea of guilty, of the offense of possession with intent to distribute methamphetamine. On February 4, 2003, defendant was sentenced to a 106-

month term of imprisonment, and a 5-year term of supervised release.  A special assessment of $100.00 was also levied.  Defendant did not directly appeal his conviction or sentence.

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant contends his conviction and sentence were obtained in violation of the Constitution and Laws of the United States because:

1. Defendant's plea of guilty was involuntary because he entered his plea without knowing the indictment was invalid because it alleged methamphetamine is listed under Schedule II, rather than under Schedule III.

2. Defendant's sentence is unconstitutional because it exceeds the statutory maximum sentence for a Schedule III controlled substance;

3. Defendant was denied effective assistance of counsel because counsel:

   a. allowed defendant to plead guilty to the charged offense knowing methamphetamine was not a Schedule II controlled substance and knowing the statutory maximum was being violated; and

   b. failed to raise pretrial objections to the sufficiency of the indictment.

4. Defendant's sentence is unconstitutional under *Apprendi v. New Jersey*; 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the indictment failed to allege a specific amount of controlled substance possessed; and

5. The government did not prove jurisdiction because it failed to present evidence of an effect on interstate commerce.

## III.
## PROCEDURAL BAR

The Government initially asserts defendant's first, second and fifth claims are procedurally barred because he did not raise these issues in the trial court or on direct appeal, and cannot show cause or prejudice for failing to timely raise such issues.  Defendant has not refuted the

Government's argument, and the Government's position appears to be well taken.  Defendant did not raise such claims on direct appeal and defendant has failed to show just cause or the prejudice required to overcome the procedural bar.  Therefore, defendant's grounds one, two and five are procedurally barred.  The application of the procedural bar as to these grounds, however, is of little practical significance.  As petitioner has alleged these same grounds as the basis for his claim of ineffective assistance of counsel, the merits of the claims will be addressed.

## IV.
## DRUG CLASSIFICATION AND VALIDITY OF INDICTMENT

In his first three grounds, defendant contends (1) methamphetamine is classified under Schedule III, not Schedule II; (2) the indictment was invalid because it erroneously alleged methamphetamine was a Schedule II controlled substance rather than a Schedule III controlled substance; (3) at the time he entered his guilty plea, defendant did not know of the erroneous and invalid indictment; (4) if defendant had known of the error and invalidity of the indictment, he would not have entered a plea to a term of imprisonment in excess of five years, the maximum sentence for a Schedule III controlled substance; (5) defendant's sentence is unconstitutional because it exceeds five years, the maximum sentence for a Schedule III controlled substance; (6) counsel was ineffective for allowing him to plead guilty to the charged offense knowing methamphetamine was not a Schedule II controlled substance and knowing the statutory maximum for a Schedule III controlled substance was being violated; and (7) counsel was ineffective for failing to raise pretrial objections to the sufficiency of the indictment.  Each of these claims are without merit because methamphetamine

is, in fact, a Schedule II drug[1] and has been a Schedule II drug since 1971.[2]  Consequently, the indictment was neither erroneous nor invalid; defendant's guilty plea was not based on an erroneous and invalid indictment and, thus, was not unknowing; the maximum sentence for a Schedule III controlled substance was inapplicable to defendant's and does not affect the validity of the sentence.  Counsel was not ineffective for allowing defendant to plead guilty to the charged offense or for failing to raise pretrial objections to the sufficiency of the indictment.  Defendant's first, second and third grounds should be DENIED.

## V.
## AMOUNT IN INDICTMENT

By his fourth ground, defendant argues his sentence is unconstitutional under *Apprendi v. New Jersey*; 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the indictment failed to allege the specific amount of controlled substance he possessed.  In *Apprendi*, the Supreme Court held the Constitution requires that any fact which increases the penalty for a crime *beyond the prescribed statutory maximum*, other than the fact of a prior conviction, must be submitted to a jury

---

[1] On July 7, 1971, the Director of the Bureau of Narcotics and Dangerous Drugs, on behalf of the Attorney General, reclassified methamphetamine from a Schedule III drug to a Schedule II drug based on its high potential for abuse relative to other substances.  *See* 36 F.R. 12734, 12735 (July 7, 1971); 21 C.F.R. § 1308.12(d). *See United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (holding that transfer of methamphetamine from Schedule III to Schedule II satisfied requirements of statute permitting Attorney General to transfer drugs between schedules); *United States v. Roark*, 924 F.2d 1426, (8th Cir.1991) (holding that methamphetamine was properly classified as schedule II controlled substance and that transfer of methamphetamine from schedule III to schedule II controlled substance was accomplished through correct procedures and supported by necessary findings); *United States v. Greenwood*, 974 F.2d 1449, 1472 (5th Cir.1992) ("Since the early 1970s, as a matter of law, methamphetamine has been classified as a schedule II controlled substance."); *United States v. Allison*, 953 F.2d 870 (5th Cir.) (holding rescheduling of methamphetamine from Schedule III to Schedule II had been properly accomplished), *cert. denied*, 504 U.S. 962 (1992); *United States v. Kendall*, 887 F.2d 240, 241 (9th Cir.1989) (holding that Director of the Bureau of Narcotics and Dangerous Drugs had authority to reschedule all forms of methamphetamine to Schedule II in 1971).

[2] It is noted that 21 U.S.C. § 812(c) still classifies methamphetamine under both Schedule II and Schedule III (classified under Schedule II if contained in any "injectable liquid").  However, various Federal courts of appeals have held that "the reclassification of methamphetamine as a schedule II substance applies to all forms of methamphetamine in accordance with 21 C.F.R. § 1308.12(d) despite the statute's distinction."  *United States v. Macedo*, 371 F.3d 957, 981 (7th Cir.2004), *on rehearing*, 2005 WL 851501 (April 14, 2005); *see United States v. Gori*, 324 F.3d 234, 240 (3d Cir.2003) (reasoning that 21 C.F.R. § 1308.12(d) must supercede 21 U.S.C. § 812(c)'s schedule classification);

and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2362-2363.

In the instant case, defendant was indicted, and pleaded guilty, to possessing with the intent to distribute "fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance." As indicted, defendant was subject to a sentence for a term of imprisonment of not less than 5 years and not more than 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(viii). Defendant was sentenced using a total offense level of 29, and a criminal history category of II, which carried a guideline range of imprisonment of 97 to 121 months. Defendant was sentenced to 106 months, a sentence within the guideline range and below the forty-year maximum statutory punishment. *Apprendi* is applicable only to cases where the penalty for the crime exceeded the prescribed *statutory maximum* due to facts other than a prior conviction. *Apprendi* is not applicable to this case and no *Apprendi* issue is presented. Defendant's argument is meritless and should be DENIED.[3]

---

[3] In the recent United States Supreme Court decision in *United States v. Booker*, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621, 73 U.S.L.W. 4056 (January 12, 2005), the Supreme Court extended the rule announced in the prior decisions of *Apprendi v. New Jersey*; 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403, 72 U.S.L.W. 4546 (June 24, 2004), to the federal Sentencing Guidelines. The rule, essentially held that,

> [P]ursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id*. at 756-57.

*In re Elwood*, No. 05-30269 at 2, April 28, 2005 (5th Cir. 2005) citing *Booker*. To the extent, if any, defendant is raising an argument that the trial court's application of the Guidelines in determining his sentence violated his Sixth Amendment rights, the Fifth Circuit has held that the United States Supreme Court did not make *Booker* retroactive to cases on collateral review. Neither *Apprendi*, *Blakely*, or *Booker* are retroactive to cases on collateral review. *See In re Elwood*, No. 05-30269 at 3. Therefore, under the law of this circuit, any claim by defendant that his sentence, assessed under the federal Sentencing Guidelines, is unconstitutional based upon *Booker* and, thus, should be vacated, is foreclosed. Such a claim is not cognizable in a section 2255 action.

## IV.
## JURISDICTION AND INTERSTATE COMMERCE

Defendant contends this Court did not have federal jurisdiction over his case because the government failed to prove any effect of his actions on interstate commerce. Defendant's position is without merit.

The United States District Court for the Fifth Circuit has held the statute under which defendant was prosecuted and convicted, 21 U.S.C. § 841(a)(1), to be a valid exercise of Congress' commerce power. *United States v. Owens*, 996 F.2d 59, 61 (5th Cir. 1993). No "specific nexus between the drug activity being punished and interstate commerce" is required. Moreover, the Court found there is a rational basis for Congress' finding that "control of the intrastate incidents of traffic in controlled substances was essential to the control of interstate incidents of that traffic." The Fifth Circuit has found Congress acted within its powers when it determined the federal government must be able to punish *intra*state drug activity in order to control *inter*state drug activity. *Id.*; *see also United States v. Lopez,* 459 F.2d 949, 951 (5th Cir. 1972). Consequently, the government is not required to prove an affect on interstate commerce so as to establish federal jurisdiction. Defendant's claim is without merit and should be DENIED.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant ROBERT ALEX BOATRIGHT should be DENIED.

VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of May 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).